**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-6679**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW DARNELL PITTMAN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00102-D-1)

———————

Submitted:  June 12, 2026                       Decided:  July 9, 2026

———————

Before WILKINSON, RUSHING, and BERNER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew Darnell Pittman, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Darnell Pittman appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

In support of his motion for compassionate release, Pittman argued that, under current law, he no longer qualifies as a career offender, and the district court should consider this change in status to exercise its discretion to reduce his sentence. In denying Pittman's motion, the district court summarily adopted the analysis in Government's response brief, including its argument that Pittman had not established extraordinary and compelling reasons for relief because the convictions supporting his career offender status remain valid predicate controlled substance offenses. We discern no error in this conclusion. Given that Pittman's only proffered extraordinary and compelling reason for

2

his relief is clearly without merit, we find no abuse of discretion in the district court's denial of relief.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*